## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV243 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| $13,750.00 IN UNITED STATES CURRENCY, | ) ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| LYNN RUSSELL SLADE, III, | ) | |
| | ) | |
| Claimant. | ) | |

This matter is before the court on the plaintiff's Motion to Compel Discovery (Filing No. 28). The plaintiff filed an index of evidence (Filing No. 29) in support of the motion. Specifically, the plaintiff seeks an order compelling the claimant, Lynn Russell Slade, III (Slade), to appear for a deposition in this matter.

Depositions are governed by Federal Rule of Civil Procedure 30. Pursuant to Rule 30: "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1) (the exceptions, including the deponent having already been deposed in the case or the deponent being confined in prison, are inapplicable in this instance). However, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Absent compliance with such reasonable written notice, "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "The court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition. . . ." Fed. R. Civ. P. 37(d)(1)(A). Furthermore, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as

contempt of court." Fed. R. Civ. P. 37(b)(1). Under these circumstances, the court may order the non-compliant party's pleadings stricken or default judgment entered. Fed. R. Civ. P. 37(b)(2)(A).

In this case, the plaintiff's counsel states that she negotiated with the claimant's counsel for an agreed-upon date and time for the claimant to appear in her office for the deposition. **See** Filing No. 28 - Motion. Based upon the negotiation, the plaintiff filed a Notice of Deposition Duces Tecum, giving the claimant reasonable written notice of the scheduled deposition. **See** Filing No. 27. Additionally, the claimant's counsel represented he had informed Slade to appear at the deposition and to bring certain documents, but had not heard from him on that date. **See** Filing No. 29 - Ex. A Transcript p. 3. Slade did not appear at the scheduled deposition or contact his counsel. *Id.* at 3-4. The claimant's counsel did appear for the deposition. *Id.* Accordingly, the plaintiff seeks an order compelling the claimant to appear for deposition.

The court finds the plaintiff gave the claimant reasonable written notice of the deposition. The claimant failed to appear at the noticed deposition. Additionally, it appears the plaintiff's counsel attempted to confer with the claimant's counsel to secure the claimant's attendance at the deposition. The claimant's counsel gave no information about why the claimant failed to appear. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Compel Discovery (Filing No. 28) is granted.
2. Lynn Russell Slade, III, shall present himself for deposition to be rescheduled at the convenience of the parties and their counsel **on or before June 30, 2011**.
3. Failure of Lynn Russell Slade, III, to appear will result in him being stricken from the witness list for trial and may further result in his claim being stricken in this matter.

Dated this 8th day of June, 2011.

BY THE COURT:

s/ Thalken D. Thalken
United States Magistrate Judge