IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV243 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| $13,750.00 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| LYNN RUSSELL SLADE, III, | ) | |
| | ) | |
| Claimant. | ) | |

This matter is before the court on the plaintiff's Motion to Strike (Filing No. 31). The plaintiff filed a brief (Filing No. 33), an index of evidence (Filing No. 32), and an amended index of evidence (Filing No. 34) in support of the motion. Specifically, the plaintiff seeks an order striking the claim and answer for the claimant Lynn Russell Slade, III, (Slade) for his repeated failure to appear for a deposition in this matter. Slade did not respond to the plaintiff's motion.

Slade failed to appear at his previously noticed deposition. Thereafter, on June 8, 2011, the court ordered Slade to appear for his deposition on or before June 30, 2011. **See** Filing No. 30. Slade also failed to appear for the court-ordered deposition, which was scheduled on a date and at a time mutually agreed upon by counsel for Slade and counsel for the plaintiff. **See** Filing No. 33 - Brief p. 2. The record shows Slade refuses to make himself available for a deposition. *Id.* at 3; Filing No. 34 - Ex. A Transcript p. 3-4. The court finds the plaintiff gave the claimant reasonable written notice of the deposition. **See** Filing No. 34 - Ex. A Transcript p. 3-4. Additionally, it appears the plaintiff attempted to confer with the claimant's counsel to secure the claimant's attendance at the deposition. Even though the claimant's counsel appeared for the deposition, he gave no information about why the claimant failed to appear and indicated he had not heard back from Slade after sending him information about the deposition. *Id.* Further, Slade's counsel indicates he has not spoken with his client for months, but sent e-mail and regular mail to Slade at previously used and accurate addresses. *Id.*

"The court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition. . . ." Fed. R. Civ. P. 37(d)(1)(A). Furthermore, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1). Under these circumstances, the court may order the non-compliant party's pleadings stricken or default entered. Fed. R. Civ. P. 37(b)(2)(A). In addition to a willful or intentional failure to provide discovery, the court finds Slade's conduct is evidence of a persistent pattern of delay causing prejudice to the plaintiff. See *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009); see also *In re O'Brien*, 351 F.3d 832, 839-40 (8th Cir. 2003); *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) (noting dismissal for sanction appropriate after finding the party's failure to provide discovery in compliance with court order was deliberate or in bad faith); *Laclede Gas Co. v. G. W. Warnecke Corp.*, 604 F.2d 561, 565 (8th Cir. 1979) (noting court authority to use dismissal of claims as a sanction for failure to provide discovery and failure to obey court order). The court finds the claimant's failure to provide requested discovery does prejudice the plaintiff's presentation of the case and ability to defend against his claims on the defendant currency. Furthermore, the claimant's failure to provide discovery as required by court order is deliberate. Under such circumstances, the court finds the appropriate remedy is to strike the non-compliant party's pleadings. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Strike (Filing No. 31) is granted.

2. Since the claimant Lynn Russell Slade, III, failed to present himself for a properly noticed deposition and failed to comply with a court order, the Clerk of Court shall strike the answer (Filing No. 13) and claim (Filing No. 17) of Lynn Russell Slade, III, and make a Clerk's entry of default against the claimant Lynn Russell Slade, III. The entry of default may be set aside, upon appropriate written motion, if the claimant Lynn Russell Slade, III, provides the previously requested discovery prior to entry of default judgment.

3. Trial previously scheduled for July 7, 2011, is canceled.

Dated this 6th day of July, 2011.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge